**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.                                       Case No. 8:20-cr-00292-VMC-CPT

**ROBERTO SANTANA JIMENEZ**

_____/

**SENTENCING MEMORANDUM, ROBERTO SANTANA JIMENEZ**

**COMES NOW**, Roberto Santana Jimenez, Defendant (hereinafter Mr. Jimenez), by and through his undersigned attorney, and files this, his SENTENCING MEMORANDUM in advance of sentencing.

**INTRODUCTION & MITIGATION**

Mr. Jimenez was charged by indictment in Count III or the with Conspiracy to Transport a Minor with Intent to Engage in Sexual Activity under 18 U.S.C. §§ 2423(a) and (e). A trial was conducted in the matter spanning a total of nine (9) days. Mr. Jimenez was ultimately found guilty as charged in Count III.

Mr. Jimenez stands before the Court a 62-year-old man in poor health. He was raised in Mexico and adopted the culture of that country. Namely that, from a cultural standpoint, a 24-year-old male dating (or marrying) a 15-year-old female is acceptable. In fact, he met his wife of close to 40 years when she was just 14 and he was 23. They married when he was 25 and she was 16 years of age. Although illegal here in the United States, the relationship between Jordan Pulido and I.G. was normal to Mr. Jimenez and the rest of the family. In fact, as established in the trial, the relationship was completely legal in the country of Croatia where the age of consent is 15-years-of-age.

As mentioned, Mr. Jimenez is in poor health. He was diagnosed with State four Mantle Cell Lymphoma in 2017. PSR, ¶ 97. He even went through bone marrow biopsies followed by aggressive chemotherapy at Moffitt Cancer Center, in Tampa, Florida. PSR, ¶ 98. The treatments of chemotherapy have given him long-term side effects of memory loss and periods of paranoia. PSR, ¶100. The survival rate typically decreases after chemotherapy and the median survival time is approximately 3 years post chemotherapy.[1] The 10-year survival rate is only 5-10%.[2] Although in remission, Mr. Jimenez is certainly immuno-compromised to say the least. While being held in detention while awaiting trail and sentencing, he has

---

[1] https://www.medscape.com/answers/203085-173693/what-is-the-prognosis-of-mantle-cell-lymphoma-mcl
[2] https://www.medscape.com/answers/203085-173693/what-is-the-prognosis-of-mantle-cell-lymphoma-mcl

contracted Covid-19 twice and has three times been quarantined at the jail. He recently underwent hernia surgery that required an incision in his lower abdomen resulting in scarring and requiring stitches. Based on his condition, he will very likely incur significant medical costs to the taxpayers while serving time in the Bureau of Prisons.

Mr. Jimenez, to his credit, has resided in the United States for approximately 30 years with only one arrest for an insufficient check at Walmart in the amount of $26.00 which he re-paid and the charge was dismissed. He is not a threat to the community. Mr. Jimenez has led an otherwise exemplary life. He raised six sons and has maintained a loving relationship with his wife of 37 years. Throughout his life, he has maintained employment and shown commitment to family values.

## **LEGAL FRAMEWORK**

To arrive at a sentence that is sufficient but not greater than necessary, and to comply with the purposes set forth in paragraph two of Title 18 U.S.C. § 3553(a), the Court must first calculate the Defendant's federal sentencing guideline range. After that, the Court must then consider whether the sentence imposed should be different after considering the factors set forth in 18 U.S.C. § 3553(a). Mr. Jimenez has made numerous objections to the Sentencing Guidelines as calculated and requests the court give great consideration to those objections.

Additionally, although properly scored under USSG §2G1.3(b)(3), the use of a computer enhancement should not be applied. Today's society has moved into the virtual world. Computers, smart watches, smart phone, tablets, laptops, desktops and other devices provide unprecedented levels of connectivity and access to virtually everything. Products are purchased, communication is facilitated and business is conducted all using some type of computer. Smart devices have superseded all other means of conducting personal and professional business to such an extent that the use of a computer is not unique and does not stand out in any particular case. Thus, a federal defendant should no longer receive an increase in sentencing for use of a computer. Mr. Jimenez requests the Court either not include the use of a computer enhancement as being outdated in today's day and age or assess a two-level variance for this provision.

## **CONCLUSION**

As stated, Mr. Jimenez is a man who was raised in a culture where girls fall in love and marry at a young age. His marriage to his wife Domenica is a prime example. Meeting/falling in love when she was 14 and marrying when she was 16. Although misplaced under the laws of the United States, Mr. Jimenez was truly under the impression that his son was meeting his future wife. Any evidence that he tried to facilitate that is mitigated by the cultural norms where he was raised.

Furthermore, the Court should certainly take Mr. Jimenez' lack of criminal record , strong work ethic and commitment to family into consideration.

Finally, Mr. Jimenez' considerable health issues should serve as a mitigating factor.

A prison sentence of life is far greater than necessary to achieve the statutory purposes of sentencing considering all the factors in this case. Based upon the numerous mitigating factors, Mr. Jimenez requests the court sentence him to the minimum mandatory 10 years in prison with an appropriate period of supervised release once he completes his sentence. Based on his health, this is likely to be a Life-Sentence for Mr. Jimenez.

Dated this the 21st day of February, 2022.

                                            Respectfully submitted

                                            */s/ Frank W. McDermott, Esquire*
                                            Frank W. McDermott Esq.
                                            10010 Seminole Blvd.
                                            Seminole, FL 33772
                                            (727) 367-1080, Fax 367-9940
                                            FL Bar No. 0163120
                                            frank@injuryarrest.com
                                            ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of February 2022 a true copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notice of filing to AUSA Lisa Thelwell.

*/s/Frank W. McDermott, Esq*
Frank W. McDermott, Esq
Attorney at Law
